

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2007

# O'Callaghan v. Atty Gen NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"O'Callaghan v. Atty Gen NJ" (2007). *2007 Decisions.* Paper 1094.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1094

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2645
_____

DANIEL J. O'CALLAGHAN,

Appellant

v.

HON. PETER C. HARVEY, in past or present official capacity as Attorney General
of the State of New Jersey; Hon. ARIEL A. RODRIGUEZ, in individual and
past or present official capacity as Justice of the Appellate Division
of the State of New Jersey; HON. DAVID B. RAND, in individual and past or present
official capacity as Justice of the Superior Court of New Jersey, Chancery Division,
Family Part; EINHORN, HARRIS, ASCHER & BARBARITO,
FROST & IRONSON, P.C.; SHARON RYAN MONTGOMERY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-04419)
District Judge: Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed   May 17, 2007 )

_____

OPINION

_____

PER CURIAM

Daniel J. O'Callaghan, an attorney appearing *pro se*, appeals nearly every order entered by the United States District Court for the District of New Jersey in the underlying case. Appeals from many of these orders are clearly frivolous.[1] The primary thrust of O'Callaghan's appeal, however, appears to be that his complaint should not have been dismissed under Fed. R. Civ. P. 12(b).[2]

O'Callaghan filed his complaint in the District Court on September 15, 2003, after the New Jersey state courts had denied him parental visitation rights with

---

[1] Four different District Court Judges have presided over this case, and appellant challenges six orders related to that issue: the order of January 21, 2004, granting appellant's motion for recusal of the initial District Court Judge; the order of January 27, 2004, reassigning the case; the order of July 27, 2004, again reassigning the case; the order of August 30, 2005, denying appellant's request for recusal; the order of September 13, 2005, again reassigning the case due to the retirement of the assigned Judge; and the order of February 8, 2006, denying appellant's request to assign yet another Judge to the case. Appellant was clearly engaged in an impermissible attempt to judge shop in the District Court, and we reject his appeals of these orders. Cf. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006); Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993). We also reject the appeal of the order of November 14, 2003, granting defendants a brief extension of time within which to respond to the complaint, as this clearly did not involve abuse of the District Court's discretion under Fed. R. Civ. P. 6(b).

[2] Consistent with the somewhat convoluted history of this case, appellant challenges four separate orders that ultimately resulted in the termination of his case below: the order of March 10, 2005, dismissing his complaint; the order of August 30, 2005, granting in part appellant's request for reconsideration; the order of March 22, 2006, reaffirming the dismissal of the complaint; and the order of April 13, 2006, denying appellant's request for reconsideration of the March 22 order.

D.T.B, a minor child with whom he had cohabitated for a number of years.[3] As explained in detail in the District Court's order of March 10, 2005, this complaint alleged defamation and various constitutional violations against two New Jersey state judges, the New Jersey Attorney General, the law firm representing D.T.B.'s mother, and a court appointed "parenting coordinator" based on their involvement in the custody dispute.[4] The District Court dismissed the constitutional claims against the state court judges and the Attorney General for lack of jurisdiction based on Rooker-Feldman doctrine, and the defamation claims under Fed. R. Civ. P. 12(b)(6). See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Exxon Mobil Corp. V. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, engaging in plenary review over decisions to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Marran v. Marran, 376 F.3d 143, 149 (3d. Cir 2004); AT&T Corp. V. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir. 2006). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

---

[3] The procedural history of the state court proceedings is discussed in some detail in the District Court's order of March 10, 2005, and will not be repeated here.

[4] O'Callaghan brought similar claims against other parties involved in the state court proceedings. D.N.J. Civ. No. 01-cv-00630. This case was dismissed in part based on Rooker-Feldman doctrine and in part based on one defendant's absolute immunity. We affirmed the District Court on September 14, 2004. C.A. No. 03-4259.

Contrary to Appellant's repeated assertions, the Supreme Court's recent opinion in Exxon Mobil Corp. did not abolish the Rooker-Feldman doctrine. Rather, the Court explained that the doctrine remains applicable to suits in which "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp, 544 U.S. at 291.

We agree with the District Court's conclusions that appellant's claims lie squarely within Rooker-Feldman doctrine. Appellant initiated this action in the United States District Court after the state courts had made final determinations regarding the custody of D.T.B. Appellant was a party to those state court actions. Appellant's concerns about the constitutionality of the state court orders and the procedures employed in those state court actions are properly the subject for direct appeal. They may not be brought through collateral attack of the sort mounted in O'Callaghan's federal court action, which explicitly invites the District Court to review and reverse an unfavorable state court judgment. See Exxon Mobil Corp., 544 U.S. at 283-84. To the extent that appellant's defamation claims against state court judges or the court-appointed parenting coordinator may not barred by Rooker-Feldman, they were properly dismissed based on judicial immunity. See Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001);

We find no abuse of discretion in the District Court's denial of Parker's motion for reconsideration, which identified neither errors in the District Court's order

4

nor any other basis to justify revisiting that order.

Accordingly, we will affirm the order of the District Court.[5]

---

[5] Appellees' motion for leave to file supplemental appendix is granted, and the cross-motion of Appellant to strike Appellees' brief and supplemental appendix is denied.